SRM

**WO**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Christopher Sernas,**<br>Plaintiff<br>-vs-<br>**Joseph M. Arpaio,**<br>Defendant(s) | CV-05-4208-PHX-DGC (JI)<br><br>**ORDER** |

Pursuant to an Order filed April 14, 2006 (#5), the Clerk of the Court sent Plaintiff a packet including the documents necessary to effect service of the Complaint. Plaintiff was ordered to complete the forms and return them.  Plaintiff failed to comply, and on May 11, 2006, Magistrate Judge Irwin filed an Order (#7) giving Plaintiff ten days to either: (1) return completed service packets, or (2) show good cause why he has not returned the service packets as ordered by the Court.  Plaintiff has not responded, and Plaintiff's copy of that Order was returned undeliverable, indicating that Plaintiff has been released from custody. (#8) Plaintiff has not filed a notice of change of address as directed in the Notice of Assignment (#2) and service Order (#4).

Plaintiff has the general duty to prosecute this case.  Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address, and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case <u>sua</u> <u>sponte</u> for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in <u>Carey</u>, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."  856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint

1  and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the

2  Federal Rules of Civil Procedure.

3          **IT IS THEREFORE ORDERED** withdrawing the reference to the magistrate judge

4  of this case.

5          **IT IS FURTHER ORDERED** that the Complaint (#1) and this case are

6  **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.  The Clerk of the Court

7  shall enter judgment accordingly.

8          DATED this 30th day of May, 2006.

9

10

11   _____

                David G. Campbell
           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28